IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2020 Session

## STATE OF TENNESSEE v. NAPOLEON EMMANUALE PERSON

**Appeal from the Circuit Court for Coffee County**
**No. 38042, 43867    L. Craig Johnson, Judge**

_____

### No. M2019-02159-CCA-R3-CD

_____

Napoleon Emmanuale Person, Defendant, appeals from the trial court's judgment revoking his probation and placing his original sentences into effect. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Zachary L. Smith, (on appeal), Manchester, Tennessee; John Nicoll, District Public Defender; and Trenena Stanley (at hearing), Assistant District Public Defender, for the appellant, Napoleon Emmanuale Person.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Craig Northcott, District Attorney General; and Jennifer Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On October 26, 2011, Defendant pled guilty to attempt to commit murder in the second degree and was sentenced as a Range I standard offender to eight years with one year to be served in split confinement in the Coffee County Jail, followed by seven years on probation. Defendant was released from jail and began serving his probation on March 8, 2012.

On April 8, 2013, the trial court issued a violation of probation warrant alleging that Defendant violated the conditions of probation by being cited for driving on a suspended license; failing to obtain employment and failing to provide documentation that he was seeking employment; testing positive on two occasions for marijuana; failing to pay toward court costs and fines; and failing to report for the months of September, October, and November 2012. On June 5, 2013, the trial court revoked Defendant's probation and ordered Defendant to serve sixty days in the Coffee County Jail and, upon release, to be returned to probation.

The trial court issued a second violation of probation warrant on January 21, 2015, alleging that Defendant violated the conditions of probation by receiving new charges of second offense driving on a suspended license; failing to report the arrest; making an untruthful statement about contact with law enforcement; testing positive on December 3, 2014, for marijuana, cocaine, and opiates and on December 11, 2014, for marijuana and cocaine; and failing to pay probation fees as ordered. Defendant failed to appear for his June 3, 2015 revocation hearing, and a capias was issued for his failure to appear.

An amended probation warrant was filed on November 3, 2015, alleging that Defendant had active warrants in Bedford County for aggravated robbery and aggravated burglary, active warrants in Davidson County for aggravated assault, and a capias in Coffee County for failure to appear. Final forfeiture was taken on Defendant's bond, and the Coffee County Grand Jury indicted Defendant for failure to appear.

On November 8, 2017, Defendant pled guilty to failure to appear in Case No. 43867 and was sentenced to two years to be served consecutively to his eight-year sentence in Case No. 38042. On the same day, the trial court revoked Defendant's probation and ordered him to serve thirty days in jail. He was released on time served and transported to Bedford County where he faced new charges.

On October 31, 2018, the trial court issued a third violation of probation warrant alleging that Defendant failed to report a change of address and that his whereabouts were unknown. He was arrested in Davidson County on April 3, 2019, for new charges of domestic assault; resisting arrest; criminal impersonation; felon in possession of a weapon; and misdemeanor theft.

A fourth violation of probation was issued on April 17, 2019, based on the Davidson County charges. Defendant was transferred to Coffee County. While in jail in Coffee County, Defendant was arrested and charged with assaulting an inmate on April 19 and on May 9, 2019. These charges resulted in the court issuing an amended probation violation warrant on May 17, 2019. Defendant was again arrested and charged

with assaulting an inmate on July 10, 2019, and with vandalism for damaging the sprinkler system inside his cell on July 12, 2019. These charges resulted in the court issuing another amended probation violation warrant on July 24, 2019.

On September 18, 2019, Defendant appeared in court for a probation violation hearing. The State called Erin Smith, a Davidson County Probation Officer, who began supervising Defendant's probation in May 2018. Defendant tested positive for marijuana and cocaine when she initially met with him. She scheduled two appointments for Defendant to meet with a forensic social worker to address his drug use. Defendant failed to attend either appointment. Officer Smith said that Defendant "was inconsistent with reporting" from May until the warrant was issued. Officer Smith said that "after July [2018], [she] just couldn't find him." On October 31, 2018, she filed a violation report and requested that a warrant issue.

The State next called Metropolitan Nashville Police Department Officer Khalid Abbady who arrested Defendant for the Davidson County charges. Officer Abbady said that he approached Defendant to ask him for identification because he looked remarkably similar to Defendant's cousin, who had eight outstanding warrants. Defendant gave Officer Abbady two different names and dates of birth, all of which turned out to be false. When Defendant finally provided his correct name, Officer Abbady found that there was an outstanding warrant for Defendant. When he attempted to place Defendant under arrest, Defendant resisted and attempted to flee. When Defendant was finally taken into custody, Officer Abbady conducted a search incident to arrest and found a handgun in Defendant's pocket. Officer Abbady ran the gun's serial number through NCIC and determined that the gun was stolen.

The State called Coffee County Sheriff's Department Deputy David Barrera as its final witness. Deputy Barrera stated that Defendant had been involved in three assaults and one vandalism while housed at the Coffee County Jail, all of which were captured on the jail's video surveillance system. He said that Defendant had been both an aggressor and a victim and that the Sheriff's Department had taken steps to separate the combatants into different pods. He said that the third assault occurred when Defendant "popped" his cell door, charged out, and attacked another inmate.

Defendant made an allocution. He said that, upon his release in May 2012, he joined the "Living Word International Church of God of Christ" and became a faithful member and was baptized. He obtained employment at Allied Waste and Waste Management but left that job for a better job in construction because of the housing boom. He stated that he was married and had three children. He said that, on May 5, 2013, he renounced his gang membership and that the fights in jail were related to his renunciation.

At the conclusion of the revocation hearing, the trial court stated that it appreciated what Defendant had accomplished since he first pled guilty but that he had "three bites out of the apple." It said that, even though Defendant was only two months away from his probation ending on his eight-year sentence, his "conduct" on probation had "for the most part been horrendous." The trial court stated that it was fully revoking Defendant's probation and placing his effective ten-year sentence into effect. The court entered its revocation order on September 24, 2019, finding that Defendant had violated probation by absconding; testing positive for marijuana and cocaine; failing to report; being involved in criminal activity in Davidson County by resisting arrest, possessing a stolen handgun as a convicted felon, and criminal impersonation; and in Coffee County by assaulting other inmates and by vandalizing county property. On October 21, 2019, the trial court filed an amended revocation order, correcting only the case number for Tennessee Department of Correction purposes.

On November 6, 2019, the trial court granted defense counsel's motion to withdraw and appointed new counsel. The court granted new counsel thirty days to appeal. Notice of appeal was filed on December 6, 2019.

**Analysis**

On appeal, Defendant claims that the trial court abused its discretion in revoking his probation and in relying, in part, on new charges that were later dismissed. The State argues that the trial court properly exercised its discretion in revoking Defendant's probation. We agree with the State.

We will first address the timeliness of the notice of appeal. A notice of appeal must be filed within thirty days of entry of judgment. Tenn. R. App. P. 4(a). Because a trial court is without authority to extend the time for filing a notice of appeal, Defendant's notice of appeal was untimely. *Tammy Hicks v. State*, No. M2006-01297-CCA-R3-PC, 2007 WL 4245087, at *3 (Tenn. Crim. App. Dec. 4, 2007) (citing Tenn. R. App. P. 2.). However, we waive timely filing of the notice of appeal in the interest of justice. *See* Tenn. R. App. P. 4.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of probation, a trial court may revoke probation and order the imposition of the original sentence. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing Tenn. Code Ann. §§ 40-35-310(a), -311(e)(1) (2019)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

- 4 -

Defendant claims that the trial court abused its discretion by relying on pending charges against him in Davidson County and Coffee County. "While we recognize that a new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation." *State v. Calvin Austin*, No. W2005-02592-CCA-R3CD, 2006 WL 4555240, at *2 (Tenn. Crim. App. Aug. 9, 2006) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). The State in this case did not simply rely on the "mere" charges against Defendant. The State called Officer Abbady to provide factual details about the pending Davidson County charges and Deputy Barrera to provide factual details concerning the charges Defendant incurred while incarcerated in Coffee County. The State also called Officer Smith, who began supervising Defendant's probation in May 2018. Officer Smith said that Defendant was inconsistent in reporting and that "after July [2018], [she] just couldn't find him."

The trial court found by a preponderance of the evidence that Defendant violated the conditions of probation, and based on that finding, the trial court "had the right" to revoke Defendant's probation and to "cause [D]efendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e)(1)(A) (2019). There was substantial evidence to support the trial court's decision to fully revoke Defendant's probation and to order Defendant to serve his effective ten-year sentence in incarceration. The trial court did not abuse its discretion.

## Conclusion

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE